■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINGO PEREZ, Appellant.— Judgment rendered on April 29, 1968, convicting defendant of assault and possession of a firearm as a felony, reversed on the law and in the interests of justice and a new trial ordered. In his attempt to show flight by the defendant to avoid arrest as circumstantial evidence of consciousness of guilt, the District Attorney requested defense counsel to stipulate that the defendant was aware of the fact that he was being sought by the police prior to the day of his arrest. Defense counsel refused to so stipulate, whereupon the prosecutor called her as a People's witness to elicit the fact that she had telephoned the detective on behalf of appellant several days prior to his arrest and that she informed the detective that her client knew he was wanted by the police. We do not reach the question whether a defendant is denied the effective assistance of counsel in violation of his constitutional rights in every case where, during trial, his lawyer is called by the People as a witness against him. The matter appears to be one of first impression in New York but such practice

has been condemned in other jurisdictions. (See *People* v. *Lathrom,* 192 Cal. App. 2d 216; *State* v. *Sullivan,* 60 Wash. 2d 214.) This record clearly discloses that the District Attorney could have had only one intent and purpose when he called defense counsel as a prosecution witness: to prejudice the jury by giving it the opportunity to draw the inescapable inference that the defendant had told defense counsel that he was wanted by the police, thereby showing that his unavailability was due to a guilty mind. The issue of flight as evidence of consciousness of guilt was indeed covered in the court's charge to the jury. The court erred in requiring defendant's counsel, over her timely objection, to testify as a prosecution witness concerning matters which could have come to her knowledge only as privileged communications from the defendant, and in so doing so prejudiced defendant as to deprive him of a fair trial. Concur — Stevens, P. J., Eager and Nunez, JJ.; Capozzoli and Steuer, JJ., dissent in the following memorandum by Capozzoli, J.: There was no error involved in the calling of defendant's counsel to the witness stand, nor in the direction of the court that she be sworn. Any person may be called as a witness. However, I agree with the majority that the trial court erred in requiring her to give testimony, over her objection, as to matters which could only have come to her knowledge as privileged communications from the defendant. Nevertheless, conceding the impropriety of the court's ruling, there was no prejudice to the defendant, in view of the state of the record at the time that this incident occurred. As the majority opinion properly notes, the District Attorney could only have had one purpose and that was to show that the defendant was in flight and that his flight was due to a guilty mind. But, at that point, the trial record contained ample evidence of flight by the defendant and there was really no reason for calling defense counsel to shed further light on that fact. Detective Scholl had already testified that, on the night of the shooting, April 19, 1967, within 10 or 15 minutes after the shooting occurred, he went to defendant's home and searched for him and found that he was not there. He had a conversation with the defendant's wife on that first visit and he took a photograph of the defendant from the apartment. Further, Detective Scholl returned three or four days later to the apartment and again defendant was not there and once more spoke to defendant's wife. Although the time is not shown, the record does indicate that Detective Scholl left his name and telephone number with the defendant's wife. He heard nothing from the defendant, or his wife, and, on the first day of May, 1967, between 8:30 and 9:00 P.M., accompanied by three other officers, he again called at defendant's apartment. At page 167 of the record Detective Scholl testified as follows: "I knocked on the door and identified myself. I then went to the rear of the hallway and looked out in the courtyard. I was the defendant climbing out the window of his apartment. I identified myself to him as a police officer, told him I'm Det. Scholl. I ordered him back in the apartment. I then went back to the door of his apartment which had been opened and I entered the apartment. The defendant was there. I told him he was under arrest." Defendant's wife was not called as a witness. In fact, defendant offered no evidence. Surely, on all of the evidence, there was more than sufficient for a reasonable person to conclude that the defendant was avoiding arrest and there was no necessity of calling defendant's counsel to the stand. However, since she did give some testimony, the question arises, was that testimony of any prejudice to the defendant? I do not believe that it was, because, at most, the only evidence which the court allowed was that she had contacted Detective Scholl and nothing more. We are not dealing here with a case presenting a close question of defendant's guilt. On the contrary, this defendant's guilt is overwhelmingly established by the testimony of each of the two victims of the shooting and the other evidence

in the case. In summary, it is my belief that, under the circumstances disclosed, the error of the trial court was a technical one, of no prejudice to the defendant and the conviction should be affirmed. (Code Crim. Pro., § 542; *People* v. *Milburn*, 26 A D 2d 420, affd. 19 N Y 2d 910; *People* v. *Zabrocky*, 33 A D 2d 129.)